UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>CUKER INTERACTIVE, LLC,<br><br>Debtor.<br><br>PILLSBURY WINTHROP SHAW PITTMAN, LLP,<br>                           Appellant,<br>v.<br>CUKER INTERACTIVE, LLC,<br>                           Appellee. | Case No.: 20-CV-01854-CAB-BLM<br><br>**ORDER AFFIRMING BANKRUPTCY COURT** |

In this matter, Appellant Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") appeals a September 4, 2020 order by the United States Bankruptcy Court for the Southern District of California denying Pillsbury's petition to compel arbitration of a lien dispute with Debtor and Appellee Cuker Interactive, LLC ("Cuker"). The appeal has been fully

1

briefed, and the Court deems it suitable for submission without oral argument. As discussed below, the Bankruptcy Court's denial of Pillsbury's petition to compel arbitration is affirmed.

**I.     Background**

Pillsbury represented Cuker in litigation against Walmart in Arkansas. After a jury trial, the Arkansas District Court entered judgment in favor of Cuker for $745,021 in damages and $2,664,262.44 in attorney's fees and sanctions. On December 8, 2017, while the litigation was ongoing, Pillsbury sent a letter to counsel for Walmart providing notice that Cuker owed Pillsbury money for its services in the Walmart lawsuit and purporting to assert an attorney's lien under Arkansas law on amounts owed by Walmart to Cuker in the lawsuit. [Doc. No. 19-1 at 14.][1]

On December 13, 2018, Cuker filed for Chapter 11 bankruptcy in this district. Pillsbury filed a proof of claim asserting a claim for $1,637,418.71 secured by an attorney's lien on the judgment and proceeds of the Walmart lawsuit and perfected by the December 8, 2017 letter to Walmart's counsel. [Doc. No. 19-1 at 10-12.] On May 29, 2020, Cuker filed an adversary proceeding against Pillsbury to determine whether Pillsbury's claim is secured or unsecured. [Doc. No. 19-1 at 6-9, 28.] In a motion for summary judgment filed shortly thereafter, Cuker asked the bankruptcy court to determine as a matter of law that Pillsbury's claim is a general unsecured claim not entitled to priority. [Doc. No. 19-1 at 29.]

Pillsbury filed a petition to compel arbitration of the adversary proceeding[2] based on an arbitration provision in Pillsbury's engagement letter with Cuker. [Doc. No. 19-1 at 53; Doc. No. 21-1 at 3.] After a hearing, the bankruptcy court issued a letter opinion denying Pillsbury's petition. [Doc. No. 19-1 at 109-113.] The bankruptcy court gave three reasons

---

[1] Citations to the record use the ECF watermark for the instant appeal.
[2] The petition also asked, in the alternative, for the case to be transferred to the Arkansas district court. That aspect of the petition is not at issue here.

for its decision: (1) the lien dispute is not covered by the arbitration provision in the engagement letter; (2) the engagement letter does not reflect an agreement to arbitrate the threshold arbitrability of the lien dispute; and (3) even if the lien dispute was arbitrable, the bankruptcy court would exercise its discretion to retain jurisdiction.  [*Id.*]  On September 18, 2020, Pillsbury filed a notice of appeal of this ruling and a statement of election to have the appeal heard in the district court.  [Doc. No. 1.]

**II.     Discussion**

Although Pillsbury argues that each of the bankruptcy court's three grounds for denying Pillsbury's motion to compel arbitration were incorrect, this Court need not consider the first two grounds unless it also finds that the Court did not have the discretion (or abused that discretion) in retaining jurisdiction even if the lien dispute was arbitrable. Pillsbury concedes as much in its opening brief.  [Doc. No. 19 at 13.]  Accordingly, before addressing whether the bankruptcy court correctly determined the threshold arbitrability issue and whether it correctly determined the arbitration provision in question did not apply to the lien dispute, the Court considers whether, assuming either or both of those rulings were incorrect, the bankruptcy court abused its discretion in retaining jurisdiction even assuming the lien dispute is subject to arbitration.

There is no dispute that whether Pillsbury's claim is secured or unsecured is a core bankruptcy proceeding.  [Doc. No. 19 at 24 n.10.]  "[I]n a core [bankruptcy] proceeding.... a bankruptcy court has discretion to decline to enforce an otherwise applicable arbitration provision only if arbitration would conflict with the underlying purposes of the Bankruptcy Code."  *In re EPD Inv. Co., LLC*, 821 F.3d 1146, 1150 (9th Cir. 2016) (quoting *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1021 (9th Cir. 2012)).  "A bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on a clearly erroneous finding of material fact. . . .  Clear error exists only when the reviewing court is left with a definite and firm conviction that a mistake has been committed."  *In re Marshall*, 721 F.3d 1032, 1039 (9th Cir. 2013) (internal quotation marks and citations omitted).  "When a bankruptcy court considers conflicting policies . . ., [the Ninth Circuit] acknowledge[s] [the

bankruptcy court's] exercise of discretion and defer[s] to its determinations that arbitration will jeopardize a core bankruptcy proceeding." *In re EPD Inv. Co.*, 821 F.3d at 1150 (quoting *In re Eber*, 687 F.3d 1123, 1131 (9th Cir. 2012)).

Here, as Pillsbury concedes in its opening brief, "the bankruptcy court acknowledged the correct factors" when determining whether to exercise its discretion to retain jurisdiction over the lien dispute even if the arbitration provision in the engagement agreement applied. [Doc. No. 19 at 20 n.12; Doc. No. 19-1 at 112.] To that end, the bankruptcy court considered the same three criteria for determining whether arbitration would conflict with the bankruptcy code that Pillsbury cites in its briefs before this Court: (1) having bankruptcy law issues decided by bankruptcy courts; (2) centralizing resolution of bankruptcy disputes; and (3) avoiding piecemeal litigation. *In re EPD Inv. Co.*, 821 F.3d at 1150; *see also* Doc. No. 19 at 24; Doc. No. 19-1 at 112. When a bankruptcy court identifies the correct legal rule, as Pillsbury concedes it did here, it abuses its discretion only if its "application of the correct legal standard [to the facts] was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *In re Taylor*, 599 F.3d 880, 887 (9th Cir. 2010) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)).

The Court is not persuaded that the bankruptcy court's application of the *EPD* factors to the facts and circumstances of the lien dispute was illogical, implausible, or without support of the record. Accordingly, the bankruptcy court did not abuse its discretion in retaining jurisdiction over the lien dispute even if the arbitration provision in the engagement agreement applied to that dispute.

**III.   Conclusion**

Because the bankruptcy court did not abuse its discretion in retaining jurisdiction over the lien dispute, the Court need not consider Pillsbury's separate arguments that the bankruptcy court incorrectly determined that it could decide the threshold arbitrability issue and that the lien dispute is not covered by the arbitration provision in Pillsbury's

engagement letter with Cuker.  The bankruptcy court's denial of Pillsbury's petition to compel arbitration is **AFFIRMED**.

It is **SO ORDERED.**

Dated:  January 20, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge